## Bender v. Lottman
*[Cite as 4 AOA 237]*

*Case No. 88-C-43*
*Columbiana County, (7th)*
*Decided June 8, 1990*

Robert C. Roberts, Esq., 585 E. State St., Salem, Ohio 44460, for Plaintiff-Appellants.

*Scott A. Washam, Esq., 118 W. Lincoln Way, P. O. Box 189, Lisbon, Ohio 44432, for Defendant-Appellee.*

COX, J.

This matter presents a timely appeal from a decision of the Columbiana County Common Pleas Court, Juvenile Division, changing the surname of the parties' child to that of the defendant-appellee, Lawrence R. Lottman, Jr.

Plaintiff-appellant, Bonnie Kay Bender, gave birth to the child in question on September 5, 1985. At the time, appellant was unmarried, gave the child her surname and did not list the name of the child's father on the birth certificate. Then, on November 12, 1987, appellant filed a complaint with the Common Pleas Court to determine parentage pursuant to R.C. 3111. On December 11, 1987, appellee filed an answer denying paternity. On January 19, 1988, the trial court conducted a pre-trial hearing and ordered that H.L.A. blood tests be conducted to determine paternity. The trial court conducted a second pre-trial on April 21, 1988, where the results of the H.L.A. blood tests were introduced, which indicated a 99.20% probability of paternity, whereby, the trial court acknowledged appellee as the father of the child. On August 25, 1988, the trial court conducted a hearing resolving child support, visitation and heard oral arguments by the parties regarding the issue of changing the child's surname to that of the appellee. While appellant objected to the proposed name change, the trial court, in a decision dated August 25, 1988, ordered the child's surname be changed to Lottman. This appeal followed.

Appellant's sole assignment of error alleges:

"The trial court erred when after establishment of the parent and child relationship pursuant to O.R.C. Chapter 1311, (sic) it changed the surname of the child without a showing that such name change was in the best interest of the child."

Appellant argues the trial court erred in changing the child's surname because it failed to take into consideration the best interests of the child, and cites to the Ohio Supreme Court case of *Bobo* v. *Jewell* (1988), 38 Ohio St., 3d 330 which held:

"1. Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child.

"2. In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used the surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case."

The circumstances of the instant case dictate that appellant is the custodial parent and the child has only been known by the appellant's surname. Additionally, in the instant case, the child has gone by the appellant's surname for three years whereas the child in *Bobo, supra* only held the surname of the mother for five months and the trial court determined that a name change was not in the child's best interest. In *Bobo, supra,* the court stated:

"* * * We caution the courts, however, to refrain from defining the best-interest-of-the-child test as purporting to give primary or greater weight to the father's interest in having the child bear the paternal surname. While it may be a custom to name a child after the father, giving greater weight to the father's interest fails to consider that, where the parents have never been married, the mother has at least an equal interest in having the child bear the maternal surname. In these times of paternal equality, arguing that the child of unmarried parents should bear the paternal surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has endured for many years." *Bobo, supra,* at 334.

The evidence presented in the instant case coupled with the guidelines established in *Bobo, supra* exhibits there was no evidence to support a name change order by the trial court. Therefore, we find appellant's assignment of error to have merit.

The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

O'NEILL, P.J., and DONOFRIO, J., concur.